UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. Civ 06-61498




IN ADMIRALTY

Free Spirit Adventures, Ltd.

      Plaintiff,

v.

M/Y "Destiny", Official No.: St. Vincent 5353,
HIN HRN11001F000, her engines, tackle, apparel
and appurtenances, *in rem* and Rolly Marine Service
Company, a Florida Corporation, *in personam*.

      Defendants.
_____/

## VERIFIED COMPLAINT IN ADMIRALTY

Plaintiff, Free Spirit Adventures, Ltd. (the "Owner"), by and through its undersigned attorney, sues the Motor Yacht "Destiny" Official No. St. Vincent 5353, HIN HRN11001F000, her engines, tackle and appurtenances, etc., *in rem*, (the "Vessel") and Rolly Marine Service Company (the "Shipyard") *in personam*, and alleges:

### JURISDICTIONAL AND FACTUAL ALLEGATIONS

1. This is an admiralty and maritime claim within the jurisdiction of this court and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Maritime Claims, and, in particular, Rule D, pursuant to 28 U.S.C. § 1333.

1

2. Venue lies within the Southern District of Florida under the provisions of 28 U.S.C. 1391 and the General Maritime Law.

3. The Owner is a limited liability company.

4. Owner presently holds all title and interest in the Vessel.

5. The Vessel is a 2000 110' Horizon Motor Yacht, documented under the laws of St. Vincent, Official Number 5353, Hull Identification Number HRN11001F000, and is now and will be during the pendency of this action within this District and the jurisdiction of the Court.

6. The Shipyard is a Florida corporation specializing in yacht repair and refits and located at 2551 State Road 84, Fort Lauderdale, Florida, 33312.

7. On or about July 2006, Owner delivered the Vessel to Shipyard for repairs, modifications and other work to be done.

8. In deciding to deliver the Vessel to Shipyard, Plaintiff relied on oral representations of Shipyard regarding availability of yard space, time to complete repairs, and charges that would apply, including but not limited to: the representation that no dock charges would apply as long as Owner used Shipyard for some of the work being done; that no gate charges would apply to contractors used by Owner; and that Owner would be provided with weekly invoices so that it could verify work being done and raise questions if it had any. Additionally, Shipyard provided oral estimates and written price lists which have not been adhered to in their billings submitted to Owner.

9. By invoice dated August 16, 2006, Shipyard demanded payment of $63,778.70 and has indicated through counsel that it will not voluntarily release the

vessel absent payment of all amounts allegedly due. Plaintiff has already paid Shipyard in excess of $60,000 and has legitimate questions concerning the charges posted on the final invoice, including but not limited to: the fact that some of the items appear to be duplicative from the previous invoice; some of the charges are for items Shipyard orally stated would not be billed if owner brought the vessel to Shipyard and "used Shipyard for some of the repairs"; and many of the charges are clearly excessive for the work done. Finally, some of the work done was never requested by or approved by Owner.

10. While preparing this lawsuit, counsel for Plaintiff, Robert Edwards, talked by telephone with Attorney Thomas Lardin who represented himself to be counsel for Shipyard, and who admonished Plaintiff's counsel for even considering a petitory action, assuring him that no petitory action would be necessary because his clients would gladly release the vessel upon receipt of a letter of undertaking equal to the "approximately $60,000.00" due Shipyard and approximately $11,000 allegedly due a subcontractor plus interest.

11. Accordingly, Plaintiff's counsel ceased work on this Complaint and other documents relative to an arrest and made arrangements with the Plaintiff Owner to provide the necessary letter of undertaking pending only Attorney Lardin's confirmation of the exact amount required.

12. In the meantime and attorney identifying himself as "Captain Fink" telephoned Plaintiff's counsel, Kurt Bosshardt, to say that *he was the Defendant Shipyard's counsel*, to state that he was filing a state court action (notwithstanding the absence of jurisdiction to foreclose a maritime lien), and to demand a bond in the amount

3

in excess of $116,000 more than twice the amount of his client's last invoice and more than twice the amount quoted by attorney Lardin.

13. Not only is this amount completely unsubstantiated and unreasonable, it flies in the face of the law, which, pursuant to the Supplemental Rules, provides that the amount of a bond in a maritime lien action shall be the amount of the claim fairly stated plus six percent interest for two years. *See* Supplemental Rule (E)(5) for Certain Admiralty and Maritime Claims.

14. Plaintiff has entered the Vessel in the Fort Lauderdale Boat Show which commences in less than ten days. If Plaintiff does not have the Vessel back by October 20 at the latest, he will miss the show and not only lose his sizable entry fee, but also the unparalleled marketing exposure which the show provides. Accordingly it is imperative that Plaintiff have the Vessel back, and given Defendants unreasonableness in attempting to resolve this matter outside of Court, Plaintiff is left with no choice but to file this action.

## COUNT I – ACTION FOR POSSESSION

15. Plaintiff realleges, as if fully set forth herein paragraphs one (1) through fourteen (14) above.

16. By virtue of the foregoing, all title and interest in the Vessel her engines, tackle and appurtenances, etc., belongs solely to Owner and Owner is entitled to immediate possession thereof.

**WHEREFORE,** Plaintiff Free Spirit Adventures, Ltd:

That process of arrest, in due form of law, according to the course and practice of this Honorable Court in causes of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, may issue against the Vessel, as provided in Rule D of the Supplemental Rules for Certain Admiralty and Maritime Claims, and that all persons claiming any interested in the vessel may be cited to appear and answer the matters aforesaid, and that the vessel, her engines, tackle, apparel, etc. and all other necessaries belonging and appurtenant thereto may be seized and returned to the rightful possession of Plaintiff.

## COUNT II – BREACH OF CONTRACT

17. Plaintiff realleges, as if fully set forth herein paragraphs one (1) through fourteen (14) above.

18. This is a cause of action for damages for breach of contract against Shipyard.

19  Shipyard materially breached the Contract by failing to complete the repairs on the Vessel within the agreed upon pricing structure and by conducting unauthorized repairs and engaging in excessive billing.

20. As a direct, proximate result of Shipyard's these breaches by Shipyard, Owner has and continues to suffer damages.

**WHEREFORE,** Plaintiff, Free Spirit Adventures, Ltd. prays:

That this Court enter judgment against Shipyard for damages, costs and for further relief as this Court deems equitable and just.

      Respectfully Submitted,

      **KURT BOSSHARDT & ASSOCIATES, P.A.**
      Attorneys for Plaintiff
      1600 S.E.17th Street Causeway, Suite 405
      Ft. Lauderdale, Florida 33316
      Tel. (954) 764-7772
      Fax (954) 764-8176

By: _____
      Jeffrey W. Miller
      Fla. Bar No. 0012609
      Robert R. Edwards
      Fla. Bar No. 7700851

STATE OF FLORIDA   )

COUNTY OF _____ )

## VERIFICATION

**BEFORE ME**, being duly sworn, Jeffrey Miller deposes and says: that he is admitted to practice in the State of Florida and is an associate in the firm of Kurt Bosshardt Associates, P.A., attorneys for Plaintiff Free Spirit Adventures, Ltd., and that the foregoing Verified Complaint is true to the best of his knowledge, information and belief, and that he is authorized to sign this Verified Complaint on behalf of the Plaintiff, Free Spirit Adventures, Ltd. The undersigned's knowledge, information and belief is based upon a review of documents provided by Free Spirit Adventures, Ltd. and through interviews and discussions with the principal of Free Spirit Adventures, Ltd., Glenn

Adams, who has read this complaint and confirmed the its accuracy. The reason this verification is not made by the principal of Plaintiff Free Spirit Adventures, Ltd, is that he is located outside of the jurisdiction.

DATED October 13, 2006

By: 
Jeffrey W. Miller

Sworn to and subscribed before me this 13th day of OCTOBER, 2006, by, Jeffrey W. Miller who is personally known to me or who produced _____ as identification.

_____
Notary Public

My Commission Expires

**Linda S. Parzygnat**
Commission # DD479735
Expires November 28, 2009
Bonded Troy Fain - Insurance, Inc 800-385-7019

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
Free Spirit Adventures Ltd

**DEFENDANTS**
M/Y Destiny, Official Number 5353
Billy Marine Service Company

MAGISTRATE JUDGE
TURNOFF

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

CIV-ALTONAGA

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kurt Bosshardt + Associates PA
1600 SE 17th Street Suite 405
Ft Lauderdale, FL 33316
(954) 764-7772

Attorneys (If Known)

06-61498

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

01 06CV 61498-Altonaga

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☒ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☒ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☐ NO
JUDGE _____    DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1333. Rule D Action for Possession of Vessel in Admiralty
LENGTH OF TRIAL via ___ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
[signature]
DATE 10/13/06

**FOR OFFICE USE ONLY**
AMOUNT _____ RECEIPT # 538440 IFP _____