UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61498

IN ADMIRALTY

CIV-ALTONAGA
MAGISTRATE JUDGE TURNOFF

FREE SPIRIT ADVENTURES, LTD.,

     Plaintiff,

v.

M/Y "DESTINY", Official No.: St.
Vincent 5353, HIN HRN11001F000,
her engines, tackle, apparel and
appurtenances, *in rem* and ROLLY
MARINE SERVICE COMPANY, a Florida
Corporation, *in personam*.

     Defendants.

_____/

## MOTION FOR DEFAULT

COMES NOW Counterclaimant, ROLLY MARINE SERVICE COMPANY, ("ROLLY MARINE") and Moves for Default, saying:

1.  Counterclaimant, ROLLY MARINE, filed a Counterclaim against both Plaintiff, FREE SPIRIT ADVENTURES, LTD., and Defendant, M/Y "DESTINY", on December 11, 2006.  (DE-4)

2.  The Counterclaim was electronically served on Jeffrey W. Miller, Esq., who represents both this Plaintiff and Defendant, M/Y "DESTINY", by this Court on December 11, 2006.

3.   Defendant vessel, M/Y "DESTINY", appeared in this action on December 11, 2006, by means of a Letter of Undertaking which substitutes for her arrest and release on bond.   The Letter of Undertaking is appended to the Counterclaim, DE-4, as Ex. H.

4.   Plaintiff is owner of Defendant, M/Y "DESTINY".  Attorney Jeffrey Miller represents both this Plaintiff and Defendant.   He has answered for Plaintiff but not for Defendant, M/Y "DESTINY".

5.   At 11:35 a.m. on Wednesday, January 10, 2007, Captain Edward R. Fink, JAGC, USN (Ret.), sent a fax to Attorney Miller appending a signed signature page for a Joint Scheduling Report, which Attorney Miller has filed in this Court, and reminding Attorney Miller that Defendant, M/Y "DESTINY", had not responded to ROLLY MARINE's Counterclaim.  A copy with proof of transmission is appended.  Attorney Miller has not answered, otherwise responded, or called to request additional time.

WHEREFORE, Defendant, ROLLY MARINE, respectfully requests that a Default be entered on this Counterclaim against Defendant, M/Y "DESTINY".

<u>SUPPORTING LEGAL MEMORANDUM</u>

6.   Local Admiralty Rule C(8) provides for entry of default. While it provides for certain actions to assure that the owner of the vessel is made aware of the arrest of his vessel, these are unnecessary in this case as the owner filed the action as Plaintiff

against his own vessel to gain the advantage of being Plaintiff and the owner was notified of the Counterclaim BY THIS COURT when it electronically served it on the owner's attorney, Jeffrey Miller.

7.    Plaintiff's attorney, Jeffrey Miller, has provided a Letter of Undertaking which has been accepted by Defendant, ROLLY MARINE, and all seven Intervening Plaintiffs.  It is filed as Ex. H to DE 4.  This Letter of Undertaking substitutes for arrest of the vessel and her release on bond.

> In *Continental Grain Company v. Federal Barge Lines, Inc.,* 268 F.2d 240, 1959, A.M.C. 2158 (5th Cir. 1959), affirmed 364 U.S. 19, 80 S.Ct. 1470, 1961 A.M.C. 1 (1960), Judge Brown commented that a letter of undertaking given by a ship owner would be treated "as though, upon the libel being filed, the vessel had actually been seized, a claim filed, a stipulation to abide decrees with sureties executed and filed by claimant, and the vessel formally released.  Any other course would imperil the desirable avoidance of needless cost, time and inconvenience to litigants, counsel, ships, clerks, marshals, keepers and court personnel through the ready acceptance of such letters of undertakings."  268 F.2d at p. 243, 1959 A.M.C. at p. 2161.
>
> Grant Gilmore & Charles L. Black, Jr., *The Law of Admiralty* § 9-89, at 800-01 (2d ed. 1975)

8.    The above citation is quoted in the current *Black's Law Dictionary* under the definition of "Letter of Undertaking."

9.    A Letter of Undertaking is provided for in Local Admiralty Rule C(5).

10.  Service of process on a vessel is accomplished by her arrest.  The vessel's owner has been served this Counterclaim and has answered; but Defendant vessel has also been served and has not answered, and owner's counsel has been warned that a Motion for Default would be filed unless an Answer is filed.  There has been no response, whatsoever, and so this Motion for Default has been filed.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed this 13th day of January 2007.

Respectfully submitted,

<u>s/Edward R. Fink</u>
CAPTAIN EDWARD R. FINK
Judge Advocate General's Corps
United States Navy (Retired)
Attorney for Defendant/
Counterclaimant
ROLLY MARINE SERVICE COMPANY
P.O. Box 460037
Fort Lauderdale, Florida 33346
Tel.(954)524-6289;Fax (954)523-9446
Florida Bar No. 330337
            and
THOMAS D. LARDIN, ESQ.
Attorney for Defendant/
Counterclaimant
ROLLY MARINE SERVICE COMPANY
75 N.W. 1st Avenue-Suite 101
Delray Beach, FL 33444-2601
Tel. (561)278-7760;Fax(561)278-7540
Florida Bar No. 230146

Appended: Copy of Fax and Proof of Transmission 1/10/2007-11:35 AM

DESTINY.MOTDEFAULT

4